UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON MICHAEL BERGMAN | CIVIL ACTION |
| VERSUS | NO. 10-1410 |
| O.P.C.S.O., ET AL. | SECTION "A" (1) |

## ORDER AND REASONS

Plaintiff, Aaron Michael Bergman, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 claiming that he was denied adequate medical care while incarcerated within the Orleans Parish Prison system. He named as defendants the Orleans Parish Sheriff's Office, Marlin Gusman, Sergeant Dorsey, Dr. "Jane Doe," Deputy Green, Deputy Harris, Nurse Bourgeois, and Nurse Favors. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

On September 2, 2010, the Court granted a motion to dismiss the claim against the Orleans Parish Sheriff's Office.[2]

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 23.

Currently pending before the Court is a motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 by the remaining defendants.[3]  Plaintiff opposes that motion.[4]

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her

---

[3]  Rec. Doc. 20.

[4]  Rec. Doc. 24.

claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In this lawsuit, plaintiff alleges in pertinent part:

> I have had 15 staph infected boils to date. Only one was treated, and the anti-biotics to complete treatment were denied. More boils formed after that treatment. Multiple sick call, grievance, and verbal contact attempts were ignored and often met with insult or complete lack of cooperation. The subjects of those attempts were to A: ask for treatment/examination or B: request antibiotics/painkillers.[5]

Plaintiff also alleges that, after intervention by a lawyer, he was examined by the jail's medical staff. However, on that occasion, plaintiff had a verbal altercation with the physician and declined treatment.[6]

Plaintiff further alleges in pertinent part:

> Some days later my condition worsened and I desperately needed medical attention, so I filed another sick call. However, I was transferred to tent 4 at the temporary detention center before I could be seen. That was approximately 3-8-10. That day I confronted Deputy Green, who denied me assistance and made negative remarks. The next day I confronted Deputy Harris, who denied me assistance and made negative remarks. Later that day I confronted Nurse Bourgeois, who denied me assistance, made negative remarks, and instructed me to file a sick call. I had previously filed sick calls to no avail, so I filed 2 emergency grievances instead, approximately 3-14-10. I never received a return copy response of the grievances, but I was seen by medical a couple of days later. I was treated for one of the five boils that I had at that time. Nurse Favors said she wasn't going to treat the other 4 boils, and she denied my request for antibiotics and painkillers. The following day at wound care I requested medication again, and was told to fill out yet another sick

---

[5]  Rec. Doc. 1, p. 3.

[6]  Rec. Doc. 1, p. 4.

call about my request. So, 3-19-10 I filled out another sick call, which I was charged for on 3-24-10 but never seen for.[7]

It is clear that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his *serious medical needs* are met with *deliberate indifference* on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). However, even if the Court assumes for the purposes of this decision that the boils in this case constituted a serious medical need, plaintiff is not entitled to relief because he cannot establish that the defendants acted with deliberate indifference.

Regarding the deliberate indifference requirement, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

---

[7] Rec. Doc. 1, pp. 4-5.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In connection with their motion for summary judgment, the defendants submitted copies of plaintiff's sick call requests, medical records, and grievance records from the Orleans Parish Prison system. Those records contain the following entries relevant to this lawsuit:

| | |
|---|---|
| 1/27/10 | Plaintiff submitted a sick call request complaining of a "possible infection." In response, he was referred to the prison doctor. |
| 2/3/10 | Plaintiff submitted a sick call request complaining of a painful infection in his leg. |
| 2/3/10 | Plaintiff was seen in the medical department. The notes from that examination are as follows: |

> Boil to groin that appeared about 8 days ago. Drained tan fluid a few days ago. Swelling and redness gone away now. Denies other complaints.
>
> PE [Physical Examination] In NAD [no apparent distress]. Scab noted to pubis. ⊖ induration, drainage, swelling.
>
> Abscess healed. No treatment needed today.

| | |
|---|---|
| 3/3/10 | Plaintiff was seen in the medical department. The nurse observed a small area of redness and referred plaintiff to the prison doctor. |
| 3/5/10 | Plaintiff was examined by the medical staff. The notes from that examination are as follows: |

5

|  | Notified by Sergeant Dorsey that I/M & lawyer are in visit. I/M complaining that he has an infected knee; has filled out sick call sheets for more than two weeks without treatment. I/M called into medical for assessment. Reports he has infection going up his thigh & "extreme pain" which prevents ambulation.

E [Examination] In NAD [no apparent distress]. Ambulating w/o difficulty. [Left] knee [with] 0.5 cm abscess to medical aspect; pus and blood noted on bandage. Pus expressed from abscess [with] palpation (small amount). ⊖ induration to knee or thigh. ⊖ redness or increased warmth to thigh. Offered I/M to incise area to aid drainage and place on antibiotics. I/M refused treatment. I/M seen 2/3/10 for s/c placed 1/27/10 for c/o abscess to groin that had drained. Note says scab present & I/M denied any other problems at the time. ⊖ treatment was given at that time. No other sick calls are noted in computer after the one written 1/27/10. Sergeant Dorsey, Deputies Martinez, Williams and Sullivan present when I/M refused. I/M says he prefers to go elsewhere if he needs to have an I&D. |
|---|---|
| 3/10/10 | Plaintiff submitted a sick call request complaining of a painful staph infection. |
| 3/15/10 | Plaintiff was seen in the medical department. After being examined, he was "placed in WC [wound care] until healed." |
| 3/16/10 | Plaintiff submitted Grievance No. 639510 complaining that the guards were ignoring his requests to see a nurse for a spreading staph |

6

|  |  |
|---|---|
|  | infection. As relief, he requested to be seen in the medical department. The grievance was rejected on May 7, 2010, because plaintiff was no longer incarcerated at the facility. |
| 3/30/10 | Plaintiff submitted Grievance No. 640476 complaining about the "ignorance of guards" and their unresponsiveness to his requests for medical attention. As relief, he requested that action be taken against the guards. The grievance was rejected on May 7, 2010, because plaintiff was no longer incarcerated at the facility. |
| 3/30/10 | Plaintiff submitted Grievance No. 640513 complaining about the "ignorance of medical staff" and their unresponsiveness to his requests for medical attention. As relief, he requested "some action taken on my behalf for the ignorance of the medical staff." On April 8, 2010, the medical director responded as follows: "Please note that this complaint 640513 is the first one addressed to medical. You were seen by a medical provider and refused medical care. On a latter date you were evaluated by nursing staff and have wound care performed until you healed. Should you need medical care again, please complete a sick call request form." |

Based on the foregoing, it is evident that plaintiff was not refused treatment, his complaints were not ignored, and he was not intentionally treated incorrectly. On the contrary, when he followed the proper jail procedures for requesting medical attention, i.e. submitting a formal sick call request, he was promptly seen in the medical department and offered treatment. Accordingly, the records disprove any allegation that his medical needs were met with deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

That said, it is evident that plaintiff was nevertheless dissatisfied and disagreed with his medical treatment, even refusing medical care on one occasion over a dispute with the jail doctor. However, absent exceptional circumstances, a prisoner's disagreement with his medical treatment

7

simply does not constitute deliberate indifference. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Likewise, the fact that plaintiff was not cured is of no moment. Deliberate indifference is not established simply by showing that the medical treatment provided was ultimately unsuccessful or that pain persisted despite treatment. Id.; Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); see also Spruill v. Gillis, 328 Fed. App'x 797, 801 (3rd Cir. 2009).

Further, even if plaintiff could prove that negligence or malpractice in this case, which is by no means apparent from the records currently before the Court, that still would not be sufficient to defeat defendants' motion. Negligence or malpractice is never alone sufficient to state a federal claim for inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or malpractice are for the state courts, not a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

Simply put, the determinative issue here is not whether the medical treatment plaintiff received was subpar in some respect or whether he was satisfied with his care; rather, it is only whether the defendants acted with *deliberate indifference*. Because it is evident that there was no deliberate indifference in this case, the claims against the remaining defendants must be dismissed.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and that plaintiff's claims against the remaining defendants are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-seventh day of October, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**